## GARGANO et al. v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit. March 3, 1928.

Rehearing Denied March 31, 1928.

No. 4869.

1. **Criminal law ⬤⟶37—Defense of entrapment was complete in prosecution for bribery of federal prohibition officer, if offense originated in mind of officer (Cr. Code, § 39 [18 USCA § 91]).**

In prosecution under Criminal Code, § 39 (18 USCA § 91), for bribing federal prohibition agent, defense of entrapment was complete, if offense originated in the mind of the officer, and officer induced the defendants to commit act which they had no intention of committing.

2. **Criminal law ⬤⟶37—In prosecution for bribing prohibition officer, instruction requiring acquittal for entrapment, even if defendants voluntarily violated prohibition law, held properly refused (Cr. Code, § 39 [18 USCA § 91]; National Prohibition Act [27 USCA]).**

In prosecution under Criminal Code, § 39 (18 USCA § 91), for bribing federal prohibition agent to permit defendants to manufacture intoxicating liquors at their brewery, in violation of the National Prohibition Act (27 USCA), refusal of instruction, relative to defense of entrapment, that defendants, if induced to commit bribery by government agent, should be acquitted, even though they voluntarily committed or intended to commit some other offense, such as violation of the Prohibition Act, *held* not error; voluntary commission of another offense being immaterial.

3. **Criminal law ⬤⟶369(2)—Question of defendants' voluntary violation of Prohibition Act held immaterial, in prosecution for bribing federal prohibition agent (Cr. Code, § 39 [18 USCA § 91]).**

In prosecution under Criminal Code, § 39 (18 USCA § 91), for bribing federal prohibition agent, in which defense was entrapment by agent's having induced bribe, it was immaterial whether defendants voluntarily committed another and different offense, such as the violation of Prohibition Act.

4. **Criminal law ⬤⟶823(9)—Withdrawal of erroneous instruction placing burden on defendants to prove entrapment in bribery prosecution, and correct instruction requiring proof of offense beyond reasonable doubt, held to cure error (Cr. Code, § 39 [18 USCA § 91]).**

In prosecution under Criminal Code, § 39 (18 USCA § 91), for bribing a federal prohibition agent, error in court's charge in placing burden of proof of entrapment on defendants *held* cured by withdrawing instruction before jury retired, and correctly instructing them that government must prove offense of bribery by the evidence considered as a whole beyond a reasonable doubt.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

24 F.(2d)—40

Jerome Gargano, Gaspar Locicero, and Charles Di Christina were convicted of bribing a federal prohibition agent, and they appeal. Affirmed.

Hugh S. Suthon and Hugh M. Wilkinson, both of New Orleans, La. (John J. McCloskey, of New Orleans, La., on the brief), for appellants.

Wayne G. Borah, U. S. Atty., of New Orleans, La.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Appellants were convicted under section 39 of the Criminal Code (18 USCA § 91) of bribing a federal prohibition agent to permit them unlawfully to manufacture at their brewery, and to sell, intoxicating liquors in violation of the National Prohibition Act (27 USCA). They admitted giving the bribe for the purpose alleged in the indictment, but claimed as their sole defense that the prohibition agent who received it induced them to do so.

The assignments of error are based on the refusal of the court to give the charges requested on the subject of entrapment, and on a charge given by the court on the subject of burden of proof. The charges requested and refused were to the effect that appellants should be acquitted if they had no intention to commit bribery, but were induced to do so by the government agent, even though without any suggestion from such agent they may voluntarily have committed or intended to commit some other offense, as, for example, a violation of the Prohibition Law.

The court charged of its own motion that where an officer of the government induced an individual to commit an act made punishable by law, which that individual had no intention of committing, that particular act is no longer to be regarded as a crime, and there could be no conviction; that the test was whether the offense originated in the mind of the accused, or in the mind of the official, and if the idea of bribery originated in the mind of the government officer, and not in the mind of the accused, the defense of entrapment was complete, and that any defendant who had established such a defense should be acquitted. The court further charged that the burden was on appellants to prove the defense of entrapment, but before the jury retired corrected that charge, and stated that whether or not entrapment was shown was a question to be determined from all the evidence in the case. Else-

where in the charge the jury were instructed that the burden of proof beyond a reasonable doubt was on the government.

[1] The court correctly instructed the jury on the disputed question of entrapment. Butts v. United States (C. C. A.) 273 F. 35, 18 A. L. R. 143. It also gave in substance the other charges requested, in so far as they were correct statements of the law and applicable to the issue involved. The jury were plainly told to acquit if the offense of bribery originated with the government agent. The indictment did not charge, and there is no contention, that appellants, or any of them, were induced by any government official to violate the National Prohibition Act, or to commit any other offense than the bribery alleged.

[2-4] It was not error to confine the instructions to the issues of fact submitted to the jury. Whether or not appellants had voluntarily committed another and different offense was a wholly foreign and immaterial question. The error in the charge to the effect that the burden to prove the defense of entrapment was on appellants was withdrawn before the jury retired, and they were then correctly instructed that it was incumbent upon the government to prove the offense of bribery by the evidence considered as a whole beyond a reasonable doubt.

Reversible error is not made to appear by any of the assignments, and the judgment is affirmed.